

# THE ATTORNEY GENERAL
## OF TEXAS

September 26, 1988

JIM MATTOX
ATTORNEY GENERAL

Mr. Willie L. Scott
Executive Director
Texas Department of Community
  Affairs
P. O. Box 13166
Austin, Texas   78711

Opinion No.  JM-956

Re:  Use of sick leave by
employees  who  are  in-
voluntarily terminated
(RQ-1372)

Dear Mr. Scott:

     You describe a situation in the Texas Department of Community Affairs (TDCA), in which employees in certain programs were laid off after the transfer of two major federal programs to the Texas Department of Commerce. Some of the affected employees elected to remain on the TDCA payroll to exhaust accrued vacation time rather than receiving a lump sum payment for their vacation. You ask whether these employees may use previously earned sick leave during the time they are on vacation. We answer your question in the affirmative.

     We assume for the purposes of this opinion that the employees in question are covered by the General Appropriations Act. We also assume that they have had continuous employment with the state for at least six months, rendering them eligible for paid vacation. Acts 1987, 70th Leg., 2d C.S., ch. 78, art. V, § 8a, at 824.

     Since 1977, each general appropriations act has contained nearly identical provisions establishing separate entitlements for paid vacation and sick leave for state employees. In addition, the vacation and sick leave provisions of the General Appropriations Act establish the parameters in which those entitlements are earned. Applicable portions of the current act provide:

     Sec. 8.   EMPLOYEES VACATIONS AND LEAVES.

     a.   [E]mployees of the state shall, without deduction in salary be entitled to a vacation in each fiscal year.

. . . .

An employee will earn vacation entitlement beginning on the first day of employment with the state and terminating on the last day of duty.

. . . .

A state employee who resigns, is dismissed, or separated from state employment shall be entitled to be paid for all vacation time duly accrued at the time of separation from state employment, provided the employee has had continuous employment with the state for six (6) months.

. . . .

c. Employees of the state shall, without deduction in salary, be entitled to sick leave subject to the following conditions:

An employee will earn sick leave entitlement beginning on the first day of employment with the state and terminating on the last day of duty.

. . . Sick leave accrual shall terminate on the last day of duty.

Sick leave with pay may be taken when sickness, injury, or pregnancy and confinement prevent the employee's performance of duty or when a member of his immediate family is actually ill. . . . An employee who must be absent from duty because of illness shall notify his supervisor or cause him to be notified of that fact at the earliest practicable time.

. . . .

Upon return to duty after sick leave the employee concerned shall, without delay, complete the prescribed application for sick leave and submit the same through proper channels to the appropriate authority for his consideration.  (Emphasis added.)

Acts 1987, 70th Leg.,   2d C.S.,   ch. 78,   §§ 8a, 8c, at   825, 826.

In the past, this office has had several occasions on which to examine the relationship between employment status and the vacation and sick leave benefits of state employees. While your specific question has not been considered previously, relevant opinions of this office have consistently concluded that an employee who remains on the payroll is entitled to vacation and sick leave benefits but that an employee who receives a lump sum payment for accrued vacation is no longer eligible for employee benefits. See Attorney General Opinions JM-556 (1986) (extended period of sick leave does not interrupt period of continuous employment); JM-204 (1984) (part-time and temporary employees are entitled to vacation and sick leave benefits); MW-427 (1982) (employee may be involuntarily terminated while on sick leave, but must be paid for portion of accrued sick leave that is required for him to recover); MW-282 (lump sum payment for accrued vacation does not extend employment for longevity or hazardous duty pay), MW-247 (1980); H-1096 (1977) (lump sum payment for accrued vacation does not extend period of employment); H-684 (1975).

You suggest that the sick leave provisions of the General Appropriations Act are applicable only to employees who will actually be returning to duty. We disagree. While the applicability of the sick leave provisions quoted earlier may be somewhat ambiguous in the situation that you present, we conclude that sick leave benefits are available to an employee who is actually ill, or whose immediate family member is ill whether the employee will return to duty or not.

The sick leave provisions of the General Appropriations Act as drafted reflect the usual employment situation, anticipating that the employee will return to work. These provisions work well enough for the usual employment situation when the employee actually does return to work. In the current instance, the employees who have been laid off will not "return to duty," nor does illness alone "prevent the employee's performance of duty." One reading of the sick leave provisions is that sick leave benefits are available to an employee only when the employee and the agency intend that there will be a return to duty. In our opinion, however, this is neither a necessary conclusion from the language of the act nor the fairest reading of the language. The reference to returning to duty, in our opinion, is made only in the context of a deadline for

submitting appropriate paper work, not as a condition precedent to the operation of the entitlement.

The General Appropriations Act has established sick leave as an entitlement subject to certain conditions: (1) actual sickness, injury, or pregnancy of the employee or a member of his immediate family; (2) notification of the supervisor at the earliest practicable time; and (3) completion and submission of the prescribed application for leave to the appropriate authority. In case of illness of more than three days, there is the additional requirement of a doctor's certification of the illness. We find no express requirement in the act that the employee return to duty.

In Attorney General Opinion MW-427 (1982) this office concluded that an employee who is involuntarily terminated while on extended sick leave is nonetheless entitled to be paid for whatever portion of his accrued sick leave that is used for him to recover from his illness. Although that opinion did not conclude that the employee should be retained on the payroll until he had recovered, it did determine that the employee was entitled to be paid for those days when he had a bona fide illness. Our determination in the instant case is consistent with that earlier opinion.

Two state officers with interpretive authority concerning state employee benefits support our view. In response to your question the state auditor filed a brief in which he included the following discussion:

> In our reading of the sick leave provisions, we find no basis for an agency to refuse to grant sick leave to an employee for a bona fide illness, who has been noticed for lay-off, requests and is allowed to remain on the payroll to exhaust his/her vacation and requests sick leave during the extended period. Of course, if the agency suspects an abuse of sick leave then it should take appropriate action to investigate the request just as it does with any employee's sick leave request where abuse is suspected.

The state comptroller also has fiscal responsibility and interpretive authority in regard to the payment of state employees. Gov't Code §§ 403.001-.122. When the legislature enacted a provision allowing state employees to receive a lump sum for accrued vacation time upon separation from

state employment (article 6252-8b, V.T.C.S.), the comptroller issued two memoranda to all state agencies describing the effect of the statute and outlining the procedures to be followed. In his memorandum, dated June 27, 1975, the comptroller stated that the new lump sum provision was not to be construed to prevent an employee of the state from electing to remain on an agency payroll until all accrued vacation time was exhausted. In his memorandum dated August 13, 1975, the comptroller noted that "an employee may not remain on an agency payroll to expend accrued sick leave except for legitimate illness." (Emphasis added.)[1]

In reading the sick leave provision about which you inquire, we follow a rule of statutory construction that was discussed in Attorney General Opinion M-984 (1971). That opinion interpreted leave provisions contained in the General Appropriations Act and stated:

> If there be any doubt or ambiguity in the statute calling for construction, it should be resolved in favor of the beneficiary under the well settled canon which demands a liberal construction in favor of encouraging State service by State employees.

Attorney General Opinion M-984 (1971), at 2; see also Attorney General Opinion JM-407 (1985).

We adhere to that rule of construction to resolve the ambiguity in the sick leave provisions of the General Appropriations Act in favor of encouraging state service. We conclude that a state employee who has completed his final day of duty with an agency but who remains on the payroll to expend his accrued vacation time may use sick leave for his own bona fide illness or for the illness of a member of his immediate family.

---

1. Before the enactment of article 6252-8b, V.T.C.S., employees whose state employment was terminated remained on the payroll to exhaust their accrued vacation benefits. Since the effective date of this statute, employees may choose either to receive a lump sum payment for earned vacation or to remain on the payroll.

## S U M M A R Y

A state employee who has completed his final day of duty with an agency but who remains on the payroll to expend his accrued vacation time may use sick leave for his own bona fide illness or for that of a member of his immediate family.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Karen C. Gladney
Assistant Attorney General